## COMBA v. HIRSCH DISTILLING CO.

No. 10340—Opinion Filed Jan. 10, 1922.

(Syllabus.)

1. **Pleading—Judgment on Pleadings— Defense to Action on Account.**

When the plaintiff brings an action to recover on an account for goods, wares, and merchandise sold and delivered to the defendant, it is error for the court to sustain a motion of the plaintiff for judgment on the pleadings and render judgment against the defendant, if the answer of the defendant states a defense to plaintiff's cause of action.

2. **Account, Action on—Defense—Contemporaneous Agreement—Answer.**

A defendant, in his answer, may admit the correctness of an account and that he purchased the goods of the plaintiff, and then plead a contemporaneous agreement that on the happening of a certain event he was not to be liable for the goods, then allege the happening of the event. Such an answer states a defense.

Error from County Court, Ottawa County; N. C. Barry, Judge.

Action by Hirsch Distilling Company against John Comba to recover on an account. On motion of plaintiff the court rendered judgment on the pleadings against the defendant, and defendant appeals. Reversed and remanded.

Nesbitt & Nesbitt, for plaintiff in error.

H. L. Shannon, for defendant in error.

MILLER, J. This action was commenced in the county court of Ottawa county by the Hirsch Distilling Company, as plaintiff, against John Comba, as defendant, to recover on an account for goods, wares, and merchandise sold by the plaintiff to the defendant, amounting to $151.32, and on a second cause of action for goods, wares, and merchandise sold by Glasner and Barzen Distilling & Importing Company to the defendant, amounting to $242.55, which account was assigned by Glasner and Barzen Distilling & Importing Company to the Hirsch Distilling Company. The defendant filed the following answer:

"Comes now the defendant in answer to the petition of the plaintiff filed herein and admits that he purchased the goods of plaintiff at the time stated in plainttiff's petition and for the amounts stated; and

alleges further that it was agreed by and between plaintiff and defendant that the said goods were to be shipped by plaintiff to defendant to a town in the state of Kansas, and that defendant was to dispose, or attempt to dispose of the said goods in violation of the laws of the state of Kansas, and that plaintiff agreed with defendant that if the said goods should be seized by the officers of said state of Kansas and confiscated, that said defendant should not account to said plaintiff for the purchase price of said goods; said defendant further states that said goods were seized and confiscated by the said officers of said state of Kansas, and that by reason of the foregoing facts defendant asks that plaintiff take nothing, and that defendant recover his costs herein expended."

Thereafter, and on the 13th day of July, 1918, the defendant filed a motion asking leave of court to amend his answer. On the same day the plaintiff, Hirsch Distilling Company, filed a motion for judgment on the pleadings, and on the same day the court overruled the motion of the defendant and denied the defendant an opportunity to amend his answer and in the same order sustained the motion of the plaintiff for judgment on the pleadings.

The defendant saved all necessary exceptions; gave notice of appeal and appealed to this court to reverse the judgment of the lower court. He appears here as plaintiff in error, but for convenience the parties will be referred to as they appeared in the court below.

The defendant sets out and argues three assignments of error, as follows:

"1. The court erred in overruling the defendant's motion to amend and verify his answer to the plaintiff's petition.

"2. The court erred in sustaining the plaintiff's motion for a judgment on the pleadings.

"3. The court erred in overruling the defendant's motion to vacate the judgment on the pleadings."

It will not be necessary to pass on the first assignment of error further than to remark that we think the trial court should have permitted the defendant to amend his answer.

The second assignment of error, "That the court erred in sustaining the plaintiff's motion for judgment on the pleadings," is well taken. It is contended by the Hirsch Distilling Company that the answer pleads conclusions and not facts; that it is not shown that the goods purchased from the distilling company were in fact whisky or intoxicating liquors, and the answer does not specifically state that the goods purchased by the defendant were

intoxicating liquors and intended to be sold in violation of the laws of the state of Kansas. It may be conceded for the purpose of considering the sufficiency of this answer that the part of the answer which states that the goods were to be shipped to a town in the state of Kansas and defendant was to dispose of said goods in violation of the laws in the state of Kansas is a conclusion. Even conceding the above, the remaining portion of said answer states a defense. The plaintiff does not plead a written contract; relies on a statement of account for goods, wares, and merchandise sold and delivered. The defendant admits that he purchased the goods and that the statement of account is correct, but as a defense he pleads the following specific agreement:

"* * * That plaintiff agreed with defendant that if the said goods should be seized by the officers of said state of Kansas and confiscated, that said defendant should not account to said plaintiff for the purchase price of said goods; said defendant further states that said goods were seized and confiscated by the said officers of said state of Kansas. * * *"

Plaintiff insists that the record does not affirmatively show that the goods sold to the defendant were intoxicating liquors, therefore the contract of purchase and sale is enforceable. But the defendant pleads that if a certain thing or event happened, it should by express agreement relieve him from paying for the goods. He also pleads the happening of the thing or event. While the courts probably would not enforce a contract for the purchase of goods that were to be resold in violation of law, if, as plaintiff contends, the record does not show that the original contract was made in violation of law or public policy, then this part of the answer stated a defense, and the court committed error in sustaining the motion for judgment on the pleadings.

A motion for judgment on the pleadings is in the nature of a demurrer. It searches the record, and should not be sustained in favor of the plaintiff if by invoking the liberal rules of construction the answer states a defense. This answer stated a defense, and the trial court committed error in rendering judgment in favor of the plaintiff on the pleadings.

The judgment of the trial court is reversed, with instructions to vacate, and set aside the judgment heretofore rendered herein and proceed in accordance with the views herein expressed.

PITCHFORD, V. C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur